255 So.2d 748

William M. SMITH

v.

Owen C. GIRLEY and The Travelers Insurance Company, et al.

William M. SMITH

v.

Owen C. GIRLEY and The Travelers Insurance Company.

Nos. 51063, 51085.

Dec. 13, 1971.

Burrell J. Carter, Greensburg, for plaintiff-appellant.

Taylor, Porter, Brooks & Phillips, W. S. McKenzie, Kennon, White & Odom, John S. White, Jr., Baton Rouge, for defendants-appellees.

McCALEB, Chief Justice.

The plaintiff, William M. Smith, instituted this suit to recover damages for injuries sustained in an automobile collision. He joined as one of the parties defendant the Travelers Insurance Company, claiming he was an "insured" under the terms of a policy issued by the company on one of the cars involved since he was an "occupant" of the car within the meaning of the policy's uninsured motorist clause. We granted this writ to review the judgment of the Court of Appeal for the First Circuit which held Smith had failed to prove he was an "occupant" of the insured car, and, accordingly, reversed the favorable judgment he had secured in the trial court insofar as it cast the company in damages.[1] Smith v. Girley, 242

1. The writ was granted because of the claim that the decision in the instant case is at variance with the holding of the Second Circuit in Hendricks v. American Employers Insurance Co., La.App., 176 So. 2d 827, where, under somewhat similar circumstances, the plaintiff was held to have been "upon" the car, and also contrary to the holding of the same circuit in Carter v. Travelers Indemnity Co., La.App., 146 So.2d 257, where the meaning of "entering" and "occupying" were also considered.

So.2d 32; writs granted 257 La. 453, 242 So.2d 576. We also granted writs to Travelers Insurance Company, 257 La. 455, 242 So.2d 577, on its alternative third-party demands against the drivers of the other two automobiles involved in the collision.

The provisions of the policy, insofar as pertinent here, disclose that under Coverage (C) of the insuring agreements, entitled "Automobile Medical Payments," Travelers agreed "to pay all reasonable expenses incurred * * * *To* or for *each insured* who sustains bodily injury * * * caused by accident, *while in or upon, or while entering into or alighting from* * * * *an automobile.*" And, in the uninsured motorist clause, an "insured" is defined as "(2) *any other person* while *occupying an insured automobile.*" (Emphasis ours.)

The facts of the case have been given in detail in the appellate court opinion and need not be discussed at length for purposes of our decision. Briefly, they reflect that at approximately 11:00 p. m. on May 18, 1968, a Ford Falcon belonging to William D. Hurst was stalled on a rural highway in St. Helena Parish where there was light traffic and an unobstructed view. It was in a valley between two hills, the weather was clear and the road was dry. Hurst was intoxicated, but the head and large red tail lights on his car were burning and visible from the crest of the hill some 1,470 feet (three-quarters of a mile) to its rear. They were easily seen by two passing motorists, who were able to avoid a collision with the stalled car.

The plaintiff, a deputy sheriff, went to the scene in the sheriff's emergency car. He was assisted by Deputy William L. Allen. The shoulders of the highway were so narrow the road could not have been cleared by pushing the Falcon to the side. The sheriff's car, with all lights on, was, therefore, parked directly facing the stalled car, the emergency flashing red light atop the vehicle in operation, and an effort was made to start the Ford by means of a battery jumper cable from the sheriff's car. The plaintiff was seriously injured when Owen C. Girley, in a third car, ran into the rear of the Falcon and pinned plaintiff between it and the sheriff's car.

In holding that Smith was within the uninsured motorist coverage, the trial judge stated the "cables had been attached to the Hurst Falcon before the accident, but, while it is known that Smith had turned around toward the sheriff's vehicle intending to attach the cables to the car's batteries, it is not clear whether any part of his body[2] was in contact with the sheriff's car when a car owned and driven by Girley, travelling south, collided with the rear of

2. From our appreciation of the evidence, as will be shown hereafter, we find it establishes such physical contact.

Hurst's Falcon," causing serious and permanent injuries. He concluded the plaintiff was, nevertheless, an insured under the policy since he "drove to the scene in the sheriff's car, was actually in process of using its battery to supply sufficient power to the Hurst automobile so that it would run, and had never abandoned his status of occupant of Travelers' insured vehicle."

The appellate court, while in agreement with the Second Circuit Court of Appeal in Carter v. Travelers Indemnity Co., La. App., 146 So.2d 257, and Hendricks v. American Employers Insurance Co., La. App., 176 So.2d 827, that the policy coverage was phrased in somewhat ambiguous terms and, hence, entitled to be liberally construed in favor of the insured, nevertheless held under the facts of this case such an interpretation would produce "absurd results" because plaintiff failed to establish his "occupancy of the automobile," at the time of the accident, an essential element of his claim. The basis for this conclusion is that plaintiff at no time placed "himself in or upon the Sheriff's car," and his co-deputy testified, in essence, that he was unaware of the plaintiff's position "at the time of impact." Thus, the court was of the view that to establish his "occupancy" of the sheriff's car, the plaintiff must, of necessity, show he was in actual physical contact with that car at the moment he was struck.

This Court has not previously construed such policy provisions. We did, however, refuse writs in Hendricks v. American Employers Ins. Co., supra, where the court held the word "upon" as thus used was ambiguous, and, as just noted, construed it liberally in favor of the insured. Ultimately, of course, the issue becomes one of fact, and the writ was refused because the court felt the Hendricks case had been correctly decided in the light of the facts found by the appellate court.

Upon further consideration, we reaffirm our original view that the Hendricks decision is correct in its approach to the problem, and also in its application to the facts. There the decedent, standing on the ground against, or almost against, a pickup truck, reached over the closed tailgate and leaned over the truck bed in an effort to pick up an open bucket of diesel fuel from the body of the pickup after the vehicle had become engulfed in flames. Although he was not in actual physical contact with the truck at the moment of the accident, a portion of his body was directly above the truck when he raised the bucket, and the court held that he was "upon" the truck within the meaning of phraseology of the policy, even though he was not resting his weight on top of it. It is obvious that decision did not depend upon the decedent's actual physical contact with the truck at the moment of impact.

Albeit there are cases to the contrary, the Hendricks decision accords with the majority rule in giving such a policy provision a broad and liberal interpretation. And, by the weight of authority, actual physical *contact* with the insured automobile is sufficient to establish an insured was "upon" the vehicle as contemplated by such policies. Furthermore, in addition to the Hendricks case, there are a number of decisions holding an injured person to be within the coverage although at the time he sustained injury he was *not in actual physical contact* with the car. See, Annotation in 39 A.L.R.2d 952.

For example, in Madden v. Farm Bureau Mut. Auto. Ins. Co., 82 Ohio App. 111, 79 N.E.2d 586, the plaintiff was injured at the moment his arms and body were partly in the rear compartment of the car as he leaned over to place a tire within. In Wolf v. American Casualty Co., 2 Ill.App. 2d 124, 118 N.E.2d 777, the injured party had been out of the car several minutes exchanging license numbers and identifications with the other driver when a third car struck the rear of his car, knocked it forward, and his car hit him. In Young v. State Auto. Ins. Assn., 72 Pa.Dist. & Co. R. 394, the injured party had left the car and walked to the front to open garage doors when, through momentum inadvertently started by his wife in the car, he was picked up on the hood of the car and carried through the end of the garage.

Even closer to the instant case is McAbee v. Nationwide Mut. Ins. Co., 249 S.C. 96, 152 S.E.2d 731. The decedent, in his employer's insured truck, was towing an inoperative tractor by means of a chain. After the tractor was started, he, preparatory to leaving, went to the rear and stooped down with his back to the tractor to unloose the chain from the truck. Alerted when the tractor began rolling forward, he straightened up, turned, and placed his hand on the tractor (apparently in an effort to stop it) with his back to the truck. He was crushed to death between the two.

In permitting recovery the Supreme Court of South Carolina pointed out that one of the common and ordinary meanings of the word "upon" as given in Webster's Third New International Dictionary, is that of "contact with," and held that the insured was in actual physical contact with the vehicle and was "upon" it within the meaning of the policy provision when his back was against it while attempting to protect himself from the oncoming tractor.

In so holding, the court quoted with approval the following discussion of the meaning of the word "upon" from Wolf v. American Casualty Co., supra: " * * * it cannot mean that the insured, to be within the meaning of the clause, had to be couched on the roof of the car or on the running board or sitting on the hood. It must connote *some physical relationship between himself and the car* that enlarged

the area defined by the words 'entering or alighting' and the word 'in.'" (Emphasis ours.)

■ Therefore, under the above authorities, it is not necessary for a plaintiff, to come within coverage of an uninsured motorist clause, to prove, as an essential element of his claim, that he was actually physically touching the car at the time of the injury.

■ However, we need not go that far in the instant matter. For, unlike the Court of Appeal, it is our view that plaintiff has established he was, in fact, "upon" the insured vehicle at the time of the accident. His testimony is, substantially, that the shortness of the cable compelled that the cars be parked as close together as possible; that, consequently, there was no room to walk between the cars on the ground. He stated positively that, leaning over the Hurst car, he had attached the jumper to the battery on its right side, had turned facing the sheriff's car, and had raised the hood of the sheriff's car, preparatory to attaching the other end of the cable to the battery on the right side of the sheriff's car. Because of the unheralded swiftness of the impact, he could not remember whether he had actually put his left foot on the bumper of the sheriff's car preparatory to reaching the battery on the far right side of the motor (since he could not walk on the ground and the only way in which he could have gotten to that side was by means of "walking" on the bumpers), but had turned and made a step toward getting up on the bumper, with his legs touching the sheriff's car, and leaning toward the right side.

Plaintiff's testimony is uncontradicted. It apparently impressed the trial judge, and the patent reasonableness of his statement is supported by the physical evidence, for, after the accident, plaintiff was lying in the hood, with his head towards the middle of the road on the right side of the sheriff's car, his hands on the right fender. Both legs were pinned between the bumpers of the cars.

Hence, we think the appellate court erred in concluding that plaintiff failed to prove his case with certainty.

In granting this writ we limited our review to three alleged errors. The first two have already been adjudicated. The third involves the refusal of the appellate court to consider plaintiff's demand against Hartford Accident and Indemnity Company, under a policy covering his personal car, because of his failure to appeal from an adverse judgment in the trial court, although, in answer to the appeal taken by Travelers, he did pray for judgment against Travelers, Hartford, and Girley jointly, severally, and in solido.

It is conceded, however, that if the plaintiff is covered by the policy of Travelers,

he has no claim against Hartford. In view of our holding with respect to the liability of Travelers, it is therefore unnecessary to consider plaintiff's third alleged error.

Having determined that Travelers is liable to plaintiff under the uninsured motorist clause of its policy, we pass on to a consideration of the alternative writ of review granted to Travelers on its third-party demand against Girley and Hurst, who are alleged to be liable in solido to Travelers for the $5,000 judgment for which it is cast, and also for $434.94 paid by Travelers under its policy covering the sheriff's car, for physical damage sustained by that car.

There is no doubt that Girley, the principal tortfeasor, is responsible under this demand to Travelers. Both of the lower courts held that the gross negligence of Girley was the sole and proximate cause of the accident. Hence, the only question remaining is whether Hurst was also guilty of negligence which proximately contributed to the accident.

It is clear from the record that Hurst was so intoxicated that it impaired his ability to operate his automobile and he stopped it on the narrow rural highway and then passed out. Thereafter, he remained in the improperly parked car with the front and tail lights burning for an undetermined length of time, the evidence showing that two other motorists approaching the stalled car from the rear had no trouble in seeing and passing it. Meanwhile, the position of the car was reported to the sheriff. Plaintiff and another deputy responded to the call and were attempting to clear the roadway when the accident occurred.

Accordingly, presented on this phase of the case is whether Hurst's violation of the requirements of R.S. 32:141(B), that the driver of a disabled automobile "remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic," was such negligence as to have had causal connection with the ensuing accident.

Counsel for Travelers proclaim that since R.S. 32:141 is a safety measure designed to protect life and property, liability must be imposed on Hurst under the rationale of Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298.

The Court of Appeal found as a fact, and the record supports this finding, that the stalled vehicle could not be removed from the highway as the shoulders of the road were wholly inadequate to accommodate the car. Therefore, reasoned the court, Hurst's failure in this respect, and also his failure to protect traffic until the removal of the automobile was accomplished, was not a proximate cause of the accident. In reaching this conclusion, the court took into consideration the fact that the sheriff's car, used by plaintiff and the other deputy,

had a revolving flashing red light and this light, together with the head and tail lights on both cars, was sufficient to alert and protect all passing motorists, it being established, as aforesaid, by two motorists that they could easily see the stalled Hurst car with lights burning in time to avoid a collision even prior to the arrival of the sheriff's emergency vehicle with its bright lights and the revolving red light flashing on its top. Under these circumstances, we cannot say the courts below were in error in ruling that the primary and predominate cause of the accident was the gross negligence of Girley in running into the Hurst car.

On the other hand, although these facts may be sufficient to distinguish the Dixie case from the instant one, they do not warrant the conclusion that Hurst is to be exonerated from his own negligent conduct insofar as plaintiff, Travelers' insured, is concerned. For, it matters not, in our opinion, if one or two or a dozen motorists passed the disabled car successfully, because the result must be that Hurst's imprudence in blocking part of the roadway created a peril which cannot be separated from the accident in any respect, insofar as concerns innocent third persons (plaintiff here) who might be injured by the collision of the other vehicles with such an improperly parked car, even though the driver of the colliding vehicle be guilty of gross negligence. Cf. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821.

We, therefore, hold Hurst liable in solido with Girley.

For the reasons assigned, the judgment of the Court of Appeal rejecting the claim of plaintiff against defendant Travelers Insurance Company is annulled and reversed, and the judgment of the district court against said company is reinstated and affirmed, with legal interest from date of judicial demand until paid.

It is further ordered that the judgment of the Court of Appeal rejecting the third-party demand of Travelers Insurance Company against Owen C. Girley and William D. Hurst is likewise annulled and reversed, and it is now ordered that there be judgment in favor of Travelers Insurance Company on its third-party demand against William D. Hurst and Owen C. Girley, in solido, for the sum of $5,000, the amount for which Travelers has been cast, and, also, in solido, for a subrogation claim for the collision damages in the sum of $434.94, all with legal interest from date of judicial demand until paid.

It is further ordered that in all other respects the judgment of the Court of Appeal is affirmed.

Cost of the proceedings in this Court and the lower courts attributable to plaintiff's main demand are to be borne by Travelers Insurance Company, and the costs attributable to Travelers' third-party demand are

assessed against William D. Hurst and Owen C. Girley.

SUMMERS, Justice (concurring).

I agree with the result reached by the Court. I would simply add by way of clarification that the Court of Appeal was in error in not holding that the actions of Hurst were a proximate cause of the accident. In effect, without saying so, the majority so holds.