394 So.2d 1282 (1981)
George V. BREARD et al.
v.
Aubrey J. HAYNES et al.
No. 13936.
Court of Appeal of Louisiana, First Circuit.
January 26, 1981.
James J. Zito, Baton Rouge, counsel for plaintiff-appellant, George V. Breard.
Frederick R. Tulley, Baton Rouge, counsel for plaintiff-appellee, Jack Bottorf, Jr.
David M. Ellison, Baton Rouge, counsel for defendant-appellee.
Horace C. Lane, Baton Rouge, counsel for defendant-appellee, State Farm Mut. Auto. Ins. Co.
Michael D. Hunt, Baton Rouge, counsel for defendant-appellee, Fireman's Fund Ins. Co.
Wiley R. Dial, Baton Rouge, counsel for defendant-appellee, Aubrey L. Haynes.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from a judgment in his favor against Allstate Insurance Company, the uninsured motorist insurance carrier of the car in which plaintiff was a guest passenger, in the amount of $530.00 for personal injuries suffered in two traffic accidents.
The issues are: Plaintiff's status as an insured, and the validity of the definition of "occupying".
We affirm.
*1283 A car, owned and driven by George Cook, in which plaintiff was a passenger, was involved in a minor collision. Coverage of this accident is not contested.
An off-duty police trainee arrived at the scene and began to direct traffic. He positioned himself behind his car which was parked four or five feet behind the vehicle which struck the Cook vehicle and approximately seventy feet from the Cook vehicle. Plaintiff and a companion approached the officer trainee and engaged him in conversation. Plaintiff stood a foot or so away from the median near the rear of the officer's car. The officer trainee warned of the danger. Immediately thereafter, a van driven by one Ewing swerved across the highway and onto the median, striking and seriously injurying plaintiff. The driver of the van was not insured. The Cook vehicle was covered by a $50,000.00 uninsured motorist policy by Allstate. Plaintiff was insured with Fireman's Fund Insurance Company. He sued both insurance companies. The trial court awarded plaintiff the policy limit of $10,000.00 against Fireman's Fund Insurance Company for injuries sustained in both accidents. It awarded plaintiff $530.00 against Allstate for injuries sustained in the first accident but denied recovery from Allstate for injuries sustained in the second accident.
The trial court assigned the following oral reasons which we approve and adopt as our own:
"With regards to the second accident when the Ewing van struck the plaintiff, this accident happened from ten to fifteen minutes after the first accident. Testimony was that the plaintiff walked from the Cook vehicle back to the point where Officer Barker was directing traffic; that distance is in the neighborhood of seventy feet, based on the fact that the Cook vehicle was approximately fifty feet from the front of the Haynes vehicle. When we add the length of the Haynes vehicle, four or five feet that was in between the Haynes and the Barker vehicle, add the Barker vehicle and the several feet behind the Barker vehicle where Officer Barker was located, it comes out in the neighborhood of seventy feet.
As I mentioned earlier, the purpose of walking over to where Officer Barker was, according to the plaintiff, was because he thought it was safe at that point, whereas the court finds that the reason they went over to that point was so that they could talk to the officer. The question then becomes whether or not at the time of the second accident, whether or not the plaintiff is covered under the uninsured motorist protection on the Cook vehicle that was issued by Allstate. It's obvious that he was not physically occupying the Cook vehicle at the time of the second accident.
In determining whether or not the plaintiff is insured under the uninsured motorist provision, the court indicated that he was not the named insured, he was not the spouse of the named insured nor a relative, which, in the court's opinion, subrogated him to Part B, which is any other person while occupying an insured automobile. The question then becomes whether or not at the time of the second accident plaintiff was occupying the Cook vehicle.
Occupying is defined on Page 5 of the Allstate policy as meaning in or upon or entering into or alighting from. For Allstate to have coverage on the plaintiff with regard to the second accident, it is the court's opinion that it would have to find that the plaintiff was occupying the Cook vehicle.
The case of Smith versus Travelers Insurance, [260 La. 223,] 255 So. 748, 1971, is a case that involved whether or not a person was occupying a vehicle so that uninsured motorist coverage would be available. There the Supreme Court found as a matter of fact that there was physical contact between the Smith car and the insured car. However, on page 751 of that particular opinion, the court made mention of the fact that other jurisprudence, particularly in Ohio, Illinois, Pennsylvania and South Carolina, have cases whereby a person does not have to be in physical contact with the insured *1284 vehicle to still be classified as occupying a vehicle for coverage. However, as noted by the Supreme Court in this decision which authored by judge McCaleb, it's indicated that if there is not physical contact then there has to be some physical relationship between the person and the vehicle. In making a survey of the particular jurisprudence that I have indicated, those cases had reference to where a person was leaning over the car, putting their hand in a window, an instance where there was no physical contact, but that a person has a physical relationship between himself and the vehicle. At the time of the accident there was no physical contact between the plaintiff and the Cook vehicle. In determining whether or not he could fall within the dictum of the court, inasmuch as they found that there was physical contact in the Smith case, but determining whether or not there was some physical relationship between the plaintiff and the Cook vehicle, the court finds that there was none inasmuch as the Cook vehicle was approximately seventy feet from where the second accident occurred; there was approximately fifteen minutes elapse in time between the time of the first accident and the second accident. The court does not find that the second accident occurred while plaintiff was occupying, and I use that word in the broadest sense, the Cook vehicle. The court feels that Mr. Breard, the plaintiff, had time to extract himself from the Cook vehicle, to get into a safe position, at which time coverage under the Allstate policy, in the court's opinion, would terminate.
With regard to the argument that while the word `occupy' is to constitute either a physical occupancy and/or a physical relationship between the claimant and a vehicle to constitute occupancy, the court does not feel that under R.S. 22-1406 that the policy definitions of occupying are unconstitutional. I do not think that there is a prohibition whatsoever against an insurer from defining the word insured and the word occupancy.
With regards to the second accident, the court does not find that Allstate has any coverage to the plaintiff."
We, like the trial court, find that the lapse of fifteen or so minutes, the removal of some seventy feet, the lack of some "physical relationship" between the Cook vehicle and the plaintiff and the exercise of free choice by plaintiff in placing himself in a position of danger lead to the conclusion that plaintiff was not "occupying" the Cook vehicle at the time of the second accident.
Plaintiff urges the ambiguity and the contravention of public policy in the definition. The definition seems quite definitely to rule out coverage here; we find no ambiguity. While the public policy is to extend uninsured motorist coverage so far as is reasonable, nevertheless, we believe that the insurer has the right to require at least a "physical relationship" with the insured vehicle.
The plaintiff also contends that there was but one continuing accident and therefore the injuries sustained in the second collision should be covered as resulting from the first accident.
We decline to extend the uninsured motorist coverage that far since under the terms of the policy plaintiff had lost his status as an insured when he sustained injuries in the second accident.
Plaintiff seems to argue that the coverage under the uninsured motorist provisions should be coextensive with that under the liability provisions. We find no merit in this claim. There are different definitions of "insured." The requirement of the statute is in regard to the limits rather than in the coverage.
For these reasons, the judgment is affirmed at appellant's costs.
AFFIRMED.