KING, Judge.
The sole issue on appeal is the correctness of the trial court’s granting of a Motion For Summary Judgment brought by the insurer on the question of uninsured motorist coverage.
Frank and Barbara Westerfield (hereinafter referred to as plaintiffs) filed suit against Armand LaFleur (hereinafter referred to as LaFleur) and State Farm Insurance Company (hereinafter referred to as State Farm), LaFleur’s liability insurer, for the wrongful death of their minor daughter, Angie Westerfield (hereinafter referred to as Angie). Plaintiffs contend that their daughter was an insured under the uninsured-underinsured motorist coverage (hereinafter referred to as UM coverage) provided in the insurance policy issued to LaFleur by State Farm. State Farm filed a Motion For Summary Judgment on the question of the UM coverage of Angie and the trial court granted the Motion For Summary Judgment and dismissed plaintiffs’ demands against State Farm as to the UM coverage of Angie. Plaintiffs appeal the granting of this Motion For Summary Judgment. We affirm.
FACTS
On the morning of February 9, 1983, at approximately 7:00 A.M., Anthony L. Giles was driving east on Louisiana Highway 10 in Evangeline Parish, Louisiana, between Ville Platte and Oakdale, in a pickup truck owned by his stepfather. At that same time, Armand LaFleur, a school bus driver employed by the Evangeline Parish School Board, was driving his school bus in a westerly direction on the. same two-lane highway. LaFleur was preparing to stop in front of the home of Tiltie and Betty Westerfield in order to pick up their five year old granddaughter, Angie Wester-field, who was then living with her grandparents. As the school bus approached the driveway of the Westerfield residence, located on the south side of the highway, the bus came to a stop on the north side of the highway, with its signals operating, preparatory to boarding the child. Angie, while attempting to cross the highway in a northerly direction to board the school bus, walked into the eastbound lane and into the direct path of the oncoming eastbound truck being driven by Anthony L. Giles. Angie was struck in the eastbound lane of traffic by the truck and was dragged easterly for some distance before her body came to a rest. Angie died as a result of the injuries she sustained in the accident.
Plaintiffs, Frank Westerfield and Barbara Westerfield, parents of Angie, filed suit against Armand LaFleur and State Farm Insurance Company, LaFleur’s liability insurer, alleging that the accident occurred as a result of the negligence of Anthony L. Giles and Armand LaFleur. They also contend that Giles was an under-insured motorist and that the insurance policy issued to LaFleur by State Farm provided UM coverage for Angie, in addition to liability coverage for LaFleur.
State Farm filed a Motion For Summary Judgment on the question of coverage of Angie under the UM provision of its policy; The trial court, after reviewing the pleadings and depositions, found that Angie was not “occupying” the school bus at the time she was.struck and killed, as was required for coverage as an insured under the UM provision of State Farm’s policy, and thus found that Angie was not within the UM coverage of the policy. Finding no material issue of law or fact, the trial court granted State Farm’s Motion For Summary Judgment and dismissed plaintiffs’ demands against State Farm claiming that Angie was insured under the UM provisions of its policy issued to LaFleur.
Plaintiffs appeal the trial court’s granting of the Motion For Summary Judgment contending that the trial court erred in finding that Angie was not “occupying” the school bus and that the trial court erred in not finding Angie was insured under the insurance policy’s UM coverage of State Farm’s insurance, policy issued to LaFleur.
LSA-C.C.P. Article 966 provides in part:
“A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move *975 for a summary judgment in his favor for all or part of the relief for which he has prayed ...
B. ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law_” (Emphasis added.)
It is well established in the jurisprudence of Louisiana that summary judgments, regardless of whether they grant all or part of the relief sought by the mover, are final judgments and are appealable. Morris v. Deluxe Check Printers, Inc., 395 So.2d 927 (La.App. 2nd Cir.1981); National Safe Corp. v. Benedict & Myrick, Inc., 367 So.2d 871 (La.App. 1st Cir.1978).
The trial court’s granting of this summary judgment is a final resolution of the issue of UM coverage for Angie, and the plaintiffs, under the statutory law and jurisprudence, are entitled to appeal this decision. On appeal, this Court must resolve whether or not there was a genuine issue of material fact and whether or not State Farm was entitled to summary judgment as a matter of law.
The relevant portions of the uninsured-underinsured provision of State Farm’s insurance policy issued to LaFleur are as follows:
“I. Damages for Bodily Injury Caused by Uninsured Automobiles. The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘bodily injury’ sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile ...
* * * * * $
II. Definitions.
(a) ‘Insured’ means:
(1) the named insured as stated in the policy (herein also referred to as the ‘principal.named insured’) and, while residents of the same household, the spouse of any such named insured and relatives of either:
(2) any other person while occupying an insured automobile ...
******
(e) Occupying. The word ‘occupying’ means in or upon or entering into or alighting from ...”. (Emphasis added.)
The material fact involved in this appeal is the location of Angie, at the time she was struck, in relation to the school bus. Upon review of the pleadings and depositions, we find that there is no genuine issue as to material fact. All of the evidence clearly shows, as the trial court found in its reasons for judgment, “that the child had been moving towards the school bus, but had not yet reached it when she was hit. She would have been about 15 feet or so from the door of the school bus, and therefore, had made no physical contact with it.”
The deposition of Anthony Giles, the driver of the truck, reflects:
“Q. Now I gather, from the markings that you made on the photographs, that the little girl was in about the center of your lane when you first saw her. Is that correct?
A. Yes, sir, that’s correct_
Q. You said at that point that the child was in about the middle of the travel lane and you were about fifteen yards away from her. Is that right?
A. Yes, sir_
Q. I gather then that while you were traveling in this direction and, as you’ve testified, looking at the school bus, that this child came from behind the bushes, traveled across what appears to be part of the driveway across the ditch there, crossed the shoulder and crossed half of your travel lane before you saw her. Is that correct?
A. Yes, sir, that’s correct.
*976 Q. Just again to refresh the jury’s mind, I ask the reporter to look at these two photographs. Again what you and I were saying is that the child crossed the ditch, the shoulder of the road, and half of your lane before you saw her there in your lane. Is that correct?
A. That’s correct_
Q. When you first saw the Westerfield girl, I think you told us that her back was to you. Is that correct?
A. Yes, sir, that’s correct.
Q. Was she standing in the middle of the road still, was she running to the school bus, or do you remember what she was doing at all?
A. Yes, sir, she was just standing still.
Q. She was standing in the middle of the road at that point?
A. Yes, sir.
Q. Had she heard something or seen something, or do you know if she had just stopped, or you just looked up and saw her and then slammed on your brakes?
A. Excuse me?
Q. Do you recollect, sir, when you first saw her, if she had just stopped or was proceeding one way or the other, or do you know?
A. She was just stopped. She was just standing still ...”.
Armand LaFleur also testified in his deposition as follows:
“Q. Then what happened?
A. Then that pick-up — when I made that full stop, that little girl started to cross the road, and that pick-up couldn’t — didn’t stop.
Q. What happened?
A. Well, he dragged that little girl a little ways off, then he finally made a stop.
Q. He hit her?
A. He hit that little girl, yeah.
Q. What part of the truck hit her and what part on the little girl was hit?
A. Well, it seemed as if the middle of the hood of the truck hit that little girl.
Q. Was he going pretty fast?
A. It didn’t look too fast.
Q. What happened to her? Did it drag her on the ground or what happened?
A. He dragged her a little ways because when he finally made the stop and that little girl fell on the road, when we could see that little girl, she was in back of my bus

As we find that there is no material question of fact, the only issue remaining is whether the trial court made an appropriate conclusion of law under the facts of this case. The trial court found, based on the fact that Angie was some distance from the bus when she was struck, that she was not “occupying” the school bus so as to be an insured within the UM coverage provision of State Farm’s insurance policy issued to LaFleur.
Under the clear provisions of the policy, in order for the UM provision to afford coverage, Angie must have been “occupying” the insured vehicle by being “in or upon or entering into or alighting from” the insured vehicle in order to have been an “insured.” Plaintiffs contend that the phraseology is ambiguous, and as such, should be liberally construed in their favor so that the Court should find that Angie was “occupying” the school bus and therefore, is an insured within the UM coverage of the policy. Louisiana recognizes that ambiguous language in insurance policies is subject to liberal construction in favor of the insured. Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971); Hendricks v. American Employers Insurance Co., 176 So.2d 827 (La.App. 2nd Cir.1965), writ den. 248 La. 415, 179 So.2d 15 (1965); Carter v. Travelers Indemnity Co., 146 So.2d 257 (La.App. 2nd Cir.1962).
In interpreting “in or upon or entering into or alighting from,” the courts of Louisiana, as well as those of other states, have held that physical contact with the vehicle *977 is not necessarily needed in order to provide coverage under the UM provision. These eases have held that all that is needed is some relationship of time and distance between the accident victim and the vehicle for the victim to be considered as being in or upon or entering into or alighting from the insured vehicle. Cf. Smith v. Girley, supra; Day v. Coca-Cola Bottling Co., Inc., 420 So.2d 518 (La.App. 2nd Cir.1982); Breard v. Haynes, 394 So.2d 1282 (La.App. 1st Cir.1981), writ den. 399 So.2d 598 (La.1981); Hendricks v. American Employers Insurance Co., supra; Carter v. Travelers Indemnity Co., supra.
The plaintiffs urge this Court to follow the theories espoused in these cited cases and to extend coverage of the UM provision to Angie, by finding she occupied the bus because she was in the process of preparing to enter the bus, even though she never made contact with the bus and was actually quite some distance from the bus door when she was struck. In their brief, the plaintiffs have cited numerous cases to support their contentions in this case. However, after careful review of these cases, we find that their facts are distinguishable from the facts in the case before us. In this instance, the uncontested facts reveal that Angie was struck while in the middle of the lane opposite the school bus and that she never made contact with the school bus. She was in fact on the opposite side of the school bus from the bus door. In all of the cases cited by plaintiffs, the accident victims were either in physical contact with the insured vehicle or were in the immediate vicinity of the insured vehicle, after having just left the vehicle.
In Smith v. Girley, supra, the Louisiana Supreme Court found that a deputy sheriff, who was injured while attaching battery cables to an insured vehicle that was stalled, was “upon” the vehicle for purposes of UM coverage. It should also be noted that the deputy sheriff’s injuries resulted from him being pinned between the stalled vehicle and the sheriff's vehicle when another motorist ran into the rear of the stalled vehicle.
The Second Circuit, in Day v. Coca-Cola Bottling Co., Inc., supra, noting that the plaintiff was never more than two feet from the insured vehicle and that he had only been out of the vehicle for several seconds when he was struck, found that the plaintiff was “alighting from” according to the language of the UM provision and therefore was an “insured” under the provision. We also take note of the fact that the plaintiff in Day actually came into contact with the insured vehicle when he was “sandwiched” between it and the vehicle that struck him.
In interpreting “in or upon or entering into or alighting from,” the courts have never extended its meaning so far that it would encompass factual circumstances like those involved in the matter at hand. In Breard v. Haynes, supra, the court stated that although actual physical contact may not be needed, some physical relationship must exist between the accident victim and the insured vehicle in order to qualify the accident victim as “occupying” the vehicle, so that the accident victim is entitled to UM coverage. In Breará, supra, the court found that the accident victim was not “occupying” the insured vehicle since he was seventy feet from the vehicle when he was struck and there had been a lapse of fifteen minutes since he had exited the vehicle.
In Hendricks v. American Employer’s Insurance Co. supra, the decedent attempted to remove a burning container of diesel fuel from the bed of an insured pickup truck that had been engulfed in flames from an out-of-control grass fire. As he leaned over the side of the truck and picked up the container, the burning fuel spilled onto his body and inflicted fatal burns. The Second Circuit determined that the decedent was injured “while upon” the insured vehicle and was thus subject to coverage under the language of the insurance policy.
In Carter v. Travelers Indemnity Company, supra, the plaintiff, in attempting to enter the insured vehicle, actually had his *978 hand on the car door handle. When he saw that the other vehicle was coming in his direction, he let go of the door handle and attempted to remove himself and another person from the path of the approaching vehicle. The Second Circuit found that the plaintiff was in the act of entering the vehicle at the time and thus was an insured within the insurance policy’s coverage.
Here, plaintiffs contend that as Angie was in the process of entering the school bus there was a physical relationship established between Angie and the bus. However, plaintiffs’ contention extends the notion of “physical relationship” beyond reasonable limits. In Fidelity & Cas. Co. of New York v. Garcia, 368 So.2d 1313 (Fla.Dist.Ct.App.1979), cert. den. 378 So.2d 344 (Fla.1979), a Florida appellate court considered the question of whether or not an accident victim, who exited the insured vehicle on the passenger side, walked around the front of the vehicle, and was struck by a passing automobile as she began to cross the street in front of the insured vehicle, was “alighting from” the insured vehicle. The court found that the accident victim had completed “alighting from” the vehicle, and therefore, concluded that her relationship to the vehicle was, at the time of the accident, too remote in time and place to qualify her as “alighting from” the vehicle for coverage under the UM provision. There is much jurisprudence from other states that supports the trial court’s finding. In Jarvis v. Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Co., 244 N.C. 691, 94 S.E.2d 843 (1956), the Supreme Court of North Carolina held that the driver of an insured truck, who was struck by an automobile as he walked back to his broken-down truck, was not “entering into” the truck, and was thus not covered by a UM provision even though he “was approaching and close to the truck.”
In Gleason v. Merchants Mut. Ins. Co., 589 F.Supp. 1474 (D.R.I.1984), the court held that although plaintiff was four or five steps away from entering a parked vehicle when the accident occurred, she was not “entering into” the vehicle within the definition of “occupying” under the insurance policy’s UM provision. The Missouri Court of Appeals, in State Farm Mut. Auto. Ins. Co. v. Farmers Insurance Co., 569 S.W.2d 384 (Mo.Ct.App.1978), determined that a man, who was returning to the insured vehicle when it was struck by an uninsured motorist causing the insured vehicle to strike and injure the man, was not “occupying” the vehicle within the meaning of the UM provision defining occupying as being “in or upon or entering into or alighting from.”
In New Amsterdam Casualty Co. v. Fromer, 75 A.2d 645 (D.C.1950), the court held that the insured could not recover under a liability insurance policy that provided for medical expenses for injuries incurred while in or upon or entering into or alighting from an automobile, where the insured was struck by another car while he was returning to his own car, and was no more than six feet from his car when he was struck. In Allstate Insurance Co. v. Horn, 24 Ill.App.3d 583, 321 N.E.2d 285 (1974), the injured party was struck as he prepared to cross four lanes of traffic on his way to the insured vehicle. He was, at the least, twenty-four feet from the insured vehicle when he was struck. The court held that the injured party was not “entering into” the insured vehicle and was thus not “occupying” it as was required by the applicable UM provision..
In Rosebrooks v. National Gen. Ins. Co., 13 Mass.App. 1049, 434 N.E.2d 675 (Mass.App.Ct.1982), cert den., 386 Mass. 1104, 440 N.E.2d 1177 (1982), the court held that a woman, who slipped on a patch of ice and fell, was not “in, upon, entering into or getting out of” the insured vehicle, although she was only two or three feet from the car door handle of the insured vehicle and actually intended to enter the vehicle at the time she fell.
To accept plaintiffs’ contention that since Angie intended to enter the school bus she was in the process of “entering into” the bus, so that she would be an insured under the UM coverage, would be to invite exten *979 sion of UM coverage far beyond any reasonable limits, based upon the injured’s subjective intentions. The courts would then be forced to answer questions such as the one posed by State Farm in its brief:
“Was the child ‘entering into’ the school bus when she walked out of the front door of her house, when fifty yards from the house, when she arrived at the ditch along the south shoulder of the highway, when she entered the south shoulder of the highway,-when she stepped onto the south or eastbound lane of the highway or when she arrived at the center of the south or eastbound lane?”
To use the injured party’s subjective intentions would result in an unreasonable and inequitable extension of coverage and would unduly extend the scope of the policy’s embrace. Gleason v. Merchants Mutual Insurance Co., supra, at page 1482.
Angie was not in contact with the school bus and had not made contact with the bus at the time of the accident. She was struck by the oncoming truck while she was still in the center of the southerly eastbound lane. Before Angie could have begun “entering into” the bus, she would have had to finish crossing the eastbound lane as well as the westbound lane, enter the north shoulder of Highway 10, turn and walk down the highway shoulder to the side of the bus, and then approach and enter the side door of the bus. We find that there was not a sufficient relationship of time and distance between Angie and the bus to conclude that she was “entering into” the bus so as to be considered as “occupying” the school bus at the time of the accident. To find otherwise would be to expand the definition beyond reason.
We therefore find that the trial court did not err in finding that Angie was not “occupying” the school bus so as to be an insured within the terms of the UM coverage of the insurance policy issued to Armand LaFleur by State Farm Insurance Company. Accordingly, we affirm the trial court’s granting of the Motion For Summary Judgment in favor of State Farm Insurance Company on the question of UM coverage of the policy as to Angie. All costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
YELYERTON, J., dissents and assigns written reasons.