499 So.2d 364 (1986)
Miguel MARTINEZ
v.
GREAT AMERICAN INSURANCE CO. et al.
No. CA-4419.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
Rehearing Denied January 15, 1987.
*365 Morton H. Katz, Nahum Laventhal, New Orleans, for plaintiff-appellee Miguel Martinez.
George Richaud, New Orleans, for defendant-appellant Great American Ins. Co.
Henry Leon Sarpy, New Orleans, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before SCHOTT, KLEES and BYRNES, JJ.
KLEES, Judge.
Defendant Great American Insurance Company appeals a decision awarding plaintiff Martinez damages against Great American and its co-defendants for injuries Martinez received when he was struck by an automobile. Great American claims that the trial judge erred in finding coverage under the uninsured motorist provision of its policy. We agree with the trial court's finding.
The accident in question occurred while plaintiff was standing on the shoulder of Interstate 10 attempting to lift a disabled truck with a wrecker. Earlier, the truck had suddenly blown two tires while being used by some friends of the plaintiff to carry firewood to their homes. After pulling the truck to the side of the road, one of its occupants called the plaintiff, who worked part-time for a towing service. The plaintiff drove one of his employer's wreckers to the scene and backed it into position to pick up the disabled truck. Plaintiff then got out of the wrecker and connected the two vehicles with tow chains. Then, while standing between the two vehicles operating the lift mechanism, plaintiff was struck by a white Cadillac and pinned between the Cadillac and the disabled truck, suffering a severe laceration to his right leg.
Neither the driver of the Cadillac, defendant Mike Lemeunier, nor his vehicle were insured. Joined as defendants in the suit were General Agents Insurance Company, the uninsured motorist carrier for the wrecker; Great American Insurance Company, the uninsured motorist carrier for the disabled truck; and State Farm Insurance Company, plaintiff's own uninsured motorist carrier.
At trial, the applicability of both the General Agents policy, which has uninsured motorist limits of $5,000 per person, and the State Farm policy, which provides $50,000 in unisured motorist coverage, was admitted. Thus, the only non-factual issue to be decided by the court was the applicability of the Great American policy, which would afford coverage to persons who were "occupying" the insured vehicle.
After hearing the evidence, the trial court found that defendant Lemeunier was driving while intoxicated and was solely responsible for the accident, assessing plaintiff's damages at $75,000. In addition, the court found that plaintiff was "occupying" the disabled vehicle within the meaning of the Great American policy, and therefore held all three insurance companies solidarily liable for plaintiff's damages.
On appeal, the sole issue for consideration is the trial judge's determination that plaintiff was "occupying" the disabled truck. The Great American policy defines "occupying" as "in, upon, getting in, on, out or off." In interpreting the policy, we first note the well-settled rule that any doubtful or ambiguous clauses in insurance *366 contracts must be construed favorably to the insured and against the insurer. Carney v. American Fire & Indemnity Co., 371 So.2d 815 (La.1979). Recently, our Supreme Court reversed the granting of a summary judgment based on policy language virtually identical to Great American's, holding that such language is ambiguous and therefore must be construed favorably to the person claiming coverage. Westerfield v. Lafleur, 493 So.2d 600 (La. 1986). Interpreting the term "occupying", the Supreme Court has stated that it is not necessary for a plaintiff to prove that he was actually physically touching the vehicle in question in order to come within the coverage of an uninsured motorist clause. Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971). In that case, the Court found coverage existed when the plaintiff was hit by a third car while standing between two vehicles connecting battery cables to the disabled one. This interpretation was further broadened in Westerfield, supra, wherein the Court stated that one reasonable interpretation of the policy language would hold that a school child crossing the street to board a school bus is "entering into" the bus under the terms of the policy because said child has entered into a safety zone specifically provided by positive law for the protection of children in this situation.
Two recent decisions by the Second Circuit point out that the coverage question presented herein must be decided by examining the circumstances of each case with regard to the proximity or relationship, in time and distance, between the plaintiff and the insured vehicle. See Day v. Coca-Cola Bottling Co., Inc., 420 So.2d 518 (La. App. 2nd Cir.1982); Snider v. Kemper Ins. Co., 448 So.2d 1383 (La.App. 2nd Cir.1984), reversed on other grounds, Snider v. Murray, 461 So.2d 1051 (La.1985). In Day, supra, the court held that the driver of an insured vehicle was "occupying" that vehicle within the provisions of uninsured motorist coverage when he had alighted from the truck, leaving the motor running, and was standing within two feet of the vehicle at the time he was hit by another vehicle. In Snider, supra, the plaintiff was struck while in the process of detaching tow chains from his vehicle, which chains he had already detached from the tow truck. In finding that plaintiff was not covered by the uninsured motorist policy on the tow truck, the court emphasized that the two vehicles were no longer connected at the time of the accident, stating that plaintiff "had no legal or physical relationship with the Bates [tow] truck once the chain was removed from that truck." 448 So.2d at 1386.
In the instant case, there is no question that the two vehicles were hooked up at the time plaintiff was hit. Plaintiff had a very close relationship, both in time and space, to the disabled vehicle, as he had just connected tow chains to it and was standing very near it in order to supervise the lifting of it. Plaintiff was obviously close enough to touch the vehicle, although there is conflicting evidence in the record as to whether he was actually leaning on the disabled truck at the time of the accident. Plaintiff says he was using both hands to operate the lift levers but an eyewitness testified plaintiff was leaning on the truck. Under these circumstances, we find no manifest error in the trial court's conclusion that the plaintiff was "occupying" the disabled truck so as to afford coverage under the Great American policy.
Although Great American is the sole appellant in this case, we note that appellee State Farm argues in its brief that the trial judge erred by casting in judgment the three insurers in solido because, according to La.R.S. 22:1406, both of the other policies prime State Farm's and have limits sufficient to cover the entire judgment. We cannot to address this contention because, as State Farm did not file an answer to the appeal, it is not entitled to have the judgment modified.
Accordingly, for the foregoing reasons, we affirm the decision of the trial court.
AFFIRMED.

ON REHEARING
PER CURIAM.
In an application for rehearing, appellee, State Farm Automobile Insurance *367 Company, for the first time argues that the trial court was never divested of jurisdiction over the issue of appellee's in solido liability with the other insurers. This position is based on the fact that appellee's application for new trial, timely filed in the trial court, was never acted upon.
Appellee filed no motion to dismiss this appeal or to remand the case to the trial court when the case was first filed in this court. Instead, it filed a brief and appeared for argument without ever raising this jurisdictional objection. Only after an opinion was handed down rejecting its prayer for an amendment of the judgment in its favor does it raise this question.
Under the circumstances this objection was waived even if it had any validity. We hasten to add, however, that the judgment on appeal is the one signed by the trial court after the trial; and a judgment denying a new trial is interlocutory and unappealable. O'Neill v. Sumrall, 447 So.2d 1269 (La.App. 4th Cir.1984).
Accordingly, the application for rehearing is denied.