499 So.2d 1255 (1986)
John WASHINGTON
v.
ALLSTATE INSURANCE COMPANY and Peter Saunders.
No. CA-5535.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Louis A. Gerdes, Jr., New Orleans, for plaintiff.
Jeffrey P. Lozes, New Orleans, for defendant.
Before BARRY, BYRNES and LOBRANO JJ.
BARRY, Judge.
John Washington sued Allstate Insurance Company for $32,000.00 for injuries he sustained when a car driven by Peter Saunders collided with Washington's stalled car which was bumper to bumper with Edward Hulbert's auto from which he was attempting to get a jump start. Washington claims he is an "insured" under Hulbert's uninsured motorist coverage with Allstate. He amended the petition to ask for a jury trial, but later reduced his demand to $9,999.00 which precipitated a judge trial. (La.C.C.P.Art. 1732).
The trial judge found there was an implied consent to use Hulbert's car and held it is immaterial whether the cables were *1256 connected to Hulbert's car or if Washington was touching Hulbert's car since Washington's leg was pinned between the cars. The court concluded Washington was a permissive user of Hulbert's vehicle. Although the record indicates the court granted Allstate's third party demand against Saunders, the judgment does not mention that claim.
Allstate appeals claiming Washington is not an "insured" under Hulbert's policy. In the alternative, Allstate argues that Washington's comparative negligence should have reduced the award and notes the omission of the third party demand from the judgment.

FACTS
On the afternoon of October 1, 1983, a clear day, John Washington's 1972 Cadillac stopped running while he was in the left of two lanes on Alvar Street. He could not move to the right because of on-coming traffic. Washington raised his hood, took out his jumper cables, and began flagging for help.
Edward Hulbert stopped. Washington directed traffic so Hulbert could pull his car around to face the stalled vehicle bumper to bumper. Hulbert exited and lifted his hood. The cables had already been connected to Washington's car.
Washington claims Hulbert had attached the cables, but Hulbert said the collision occurred before he could connect them. Washington said that just prior to the impact he was sitting on Hulbert's car and commenting on the metal flake paint job. When the accident happened he was positioned in front of the car to the left side. On cross-examination Washington stated he did not sit on top of Hulbert's car, lean on it, rest on it, or get inside.
Hulbert confirmed the comments about the paint job, but said Washington never sat on his car or leaned on it. He stated both of them were standing between the cars' bumpers at the time of impact. Saunders struck the rear of Washington's car causing both men to be pinned between the vehicles.
Washington and Hulbert suffered serious leg injuries. Washington fell to the neutral ground and Hulbert went down between the bumpers. A witness, Sylvanie Carriere, corroborated the positions of the cars (with at least one hood up) and both men after the accident, but was uncertain as to Washington's position at impact.
Saunders and Washington were uninsured.

UNINSURED MOTORIST COVERAGE
The Louisiana Uninsured Motorist Statute, La.R.S. 22:1406, requires that unless waived all insurance policies issued in Louisiana shall provide uninsured motorist coverage for a person who qualifies as an "insured" under the policy. Scherer v. Chaisson, 469 So.2d 510 (La.App. 3rd Cir. 1985).
Part V of Hulbert's policy entitled "Uninsured Motorists Insurance Coverage SS" provides in pertinent part:
We will pay damages for bodily injury, sickness, disease or death which an insured person is legally entitled to recover from the owner or operator of an uninsured auto. Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.
. . . . .
Insured Persons
(1) You and any resident relative
(2) Any person while in, on, getting into or out of an insured auto with your permission
Therefore, for Washington to be "insured" (he is not a relative), he must have been "in, on, getting into or out of an insured auto...." Similar language "in or upon or entering into or alighting from" has been held to be ambiguous, susceptible to more than one reasonable interpretation, and should be construed liberally in favor of the policy holder. Westerfield v. LaFleur, 493 So.2d 600 (La.1986). However, Westerfield involved the reversal of a summary judgment under totally different facts.
*1257 In Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La. App. 2nd Cir.1965), writ refused 179 So.2d 15 (La.1965), the court concluded that the owner of a truck who was leaning over the closed tailgate trying to lift a bucket of burning fuel from its bed was "upon" the truck and insured even though he was not resting on the vehicle. See Annots., 19 A.L.R.2d 513 (1951); 39 A.L.R.2d 952 (1955); 42 A.L.R.3d 501 (1972).
In Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971), a deputy sheriff had stopped to jump start a stalled car. After the cables had been connected to the stalled vehicle, he turned to attach them to his car when a car struck the stalled vehicle and pinned the deputy. The court held that the deputy was "upon" the insured vehicle at the time of the accident (necessary under the UM policy) since the short cables required the cars to be parked bumper to bumper with no room to walk in between. The court said the deputy was either putting his foot on or about to step upon the bumper with his legs touching the car when the accident happened. See also Macalusa v. Hartford Accident & Indemnity Company, 343 So.2d 1217 (La.App. 4th Cir.1977).
In dicta the Supreme Court said in Smith: "[I]t is not necessary for a plaintiff, to come within coverage of an uninsured motorist clause, to prove, as an essential element of his claim, that he was actually physically touching the car at the time of the injury." 255 So.2d at 751. The trial court judgment (reinstated by the Supreme Court) emphasized that the deputy sheriff had driven to the scene in a sheriff's car, was in the process of using its battery to jump start the stalled vehicle, and had never abandoned his status as an occupant of his car.
In Breard v. Haynes, 394 So.2d 1282 (La.App. 1st Cir.1981), writ denied 399 So.2d 598 (La.1981), a passenger exited the insured car and about 15 minutes later was standing 70 feet away in a highway median when he was struck by an out-of-control car. Noting the lapse of 15 minutes, the distance, and the lack of physical relationship between the vehicle and the injured person, the court concluded the passenger had lost his "insured" status under the uninsured motorist policy. See also Crear v. National Fire & Marine Insurance Company, 469 So.2d 329 (La.App. 2nd Cir. 1985), writ denied 475 So.2d 364 (La.1985).
Another unusual situation was in Day v. Coca-Cola Bottling Company, Inc., 420 So.2d 518 (La.App. 2nd Cir.1982). Day was driving his employer's pickup truck on the interstate when he stopped on the shoulder and exited in order to help a car that had skidded onto the median. As the car was backing off the median a Coca-Cola truck jack-knifed to avoid striking it and Day was killed.
The Second Circuit emphasized "the relationship between the person and the vehicle, obviously of time and in distance with regard to the risk of alighting, that determines this specific coverage." (emphasis added) 420 So.2d at 520. It concluded that at some time and at some distance the person loses uninsured motorist protection, but noted that determination must be made upon the circumstances of each case. The court found that Day was never more than about 24 inches from his truck and that only several seconds elapsed after he parked the truck until the accident. Uninsured motorist coverage applied.
In Snider v. Kemper Insurance Company, 448 So.2d 1383 (La.App. 2nd Cir.1984), reversed in part on other grounds, 461 So.2d 1051 (La.1985), Snider's truck was pulled out of the mud by another truck which was connected by a 20 foot chain. Once free the chain was removed from the towing truck and Snider was removing it from his vehicle when a third vehicle struck his truck and crushed him between the two. The court held that merely because the impact propelled Snider into the towing truck, its uninsured motorist policy did not apply since Snider was not in, entering into, alighting from, or "upon" the vehicle. The court reasoned that a person struck by or who strikes the insured vehicle is not intended *1258 to be covered by an uninsured motorist provision.
Recently, in Martinez v. Great American Insurance Company, 499 So.2d 364 (La.App. 4th Cir.1986), this court considered a situation involving a tow truck and a disabled truck. After Martinez, who had brought his employer's tow truck to help a friend, connected the two vehicles with tow chains and was standing between them operating a lift mechanism (or leaning on the truck according to one eye witness), he was pinned there when a car struck the disabled truck. Unlike Snider where the claimant had no legal or physical relationship with the towing truck once the chain had been removed, in Martinez the two vehicles were still hooked together. This court applied the uninsured motorist clause because the injured man had a very close relationship in time and space to the disabled truck, and his employer's truck was still connected to it.
Martinez and the cases in which the injured party was the insured, or the owner, or drove the vehicle (owned by his employer) to the scene, are distinguishable from this case. Washington was never an occupant of Hulbert's car. He was clearly never "in" or "getting into" or "out of" the insured vehicle.
To conclude that Washington was "on" Hulbert's car would be difficult. Whether he was physically touching the Hulbert vehicle is not absolutely determinative. See Smith v. Girley, supra. The focus should be upon "the relationship between the person and the vehicle, obviously of time and in distance...." Westerfield v. LaFleur, at 603 quoting Day v. Coca-Cola Bottling Company, Inc., 420 So.2d at 520. There is no relationship, physical or legal, between Washington and Hulbert's car. Washington was standing between the cars when the impact occurred and that may well have been his only contact with the insured vehicle. The fact that the impact caused him to touch the insured vehicle should not determine coverage. See Snider v. Kemper Insurance Company, supra.
We find that Washington was not an "insured" under Allstate's uninsured motorist provisions in Hulbert's policy. The trial court was clearly wrong in its legal conclusion and the judgment is reversed.
REVERSED.