### 18601

Inez W. McABEE, Administratrix of the Estate of James Frank McAbee, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

(152 S. E. (2d) 731)

*Melvin L. Roberts, Esq.,* of York, *for Appellant,*

*Messrs. Hayes, Hayes & Brunson,* of Rock Hill, *for Respondent,*

February 8, 1967.

LEWIS, Acting C. J.

The defendant Nationwide Insurance Company issued to James Frank McAbee a policy of insurance which, in addi-

tion to other benefits, provided indemnity in case of bodily injury or death sustained "while in or upon, entering or alighting from" a described motor vehicle. The insured sustained fatal injuries when he was crushed against the rear of the standing motor vehicle by a moving tractor. The plaintiff subsequently brought this action as administratrix to recover the death benefits provided in the policy, contending that the insured's injuries were sustained while he was *upon* the standing vehicle within the meaning of the above mentioned policy provision and therefore was covered by its terms. Under undisputed facts the lower court concluded that the injuries sustained by the insured did not occur while he was "in or upon" the motor vehicle and denied recovery. The plaintiff has appealed from the judgment so entered.

The insured, while driving a truck owned by his employer, came upon his employer's brother who was trying to start the engine of a tractor. The insured stopped and also tried to start the engine but was unsuccessful. It was then decided to pull the tractor behind the truck to a nearby service station. The two vehicles were accordingly connected by a chain, one end fastened to the rear of the truck and the other to the front of the tractor, and the tractor was pulled to the station. Shortly after arrival there the tractor engine was started. During the efforts to start the engine at the station, the two vehicles were still connected by the tow chain with the tractor located to the rear of the truck and both on a slight downgrade. After the tractor had been started, the insured, preparatory to his leaving in the truck, went to the rear of the truck to unloose the chain. At that time the tractor began rolling forward down the slight grade toward the rear of the truck where the insured, stooped with his back turned, was engaged in disconnecting the vehicles. When his attention was attracted to the oncoming tractor by those standng nearby, the insured straightened up, turned, and placed his hands on the tractor with his back against the truck as if trying to stop the

tractor and keep it from striking him. He was unable to do so and was crushed to death between the rear of the truck and the front of the tractor.

The instant policy provision insures against injury "while in or upon, entering or alighting from" the motor vehicle. It is conceded that under the foregoing facts the insured was not *in, entering* or *alighting from* the truck at the time of his injury. The sole question is whether the insured, while standing on the ground with his back against the parked truck in an effort to keep the tractor from rolling against him, was *upon* the truck within the meaning of the policy. Admittedly all other conditions precedent to recovery have been met.

The particular policy provision has not been previously construed by this court, but has been the subject of litigation in other jurisdictions. Cases dealing with the subject are collected in an annotation in 39 A. L. R. (2d) 952. While the cases are apparently not in complete agreement, the rule seems to be generally recognized that the words "in or upon" as used in such policy provisions require a broad and liberal construction in favor of the insured and that by the weight of authority actual physical contact with the insured's automobile is sufficient to establish that the insured was *upon* the vehicle as contemplated by such policies. *Henderson v. Hawkeye-Security Ins. Co.*, 252 Iowa 97, 106 N. W. (2d) 86, and cases cited therein.

The basic reasoning of the cases which support the above general principles appears to us to be sound. These cases point out that the word "upon" is included in a clause which refers to other positions in relation to the vehicle, that is, "in", "entering" or "alighting from." They correctly reason that the terms are not synonymous, and the use of the word "upon" was clearly intended to cover a class of persons and situations not necessarily included in the other terms used.

While no attempt is here made to prescribe the exact limits of coverage provided in all cases by the present policy provision, we do not think that the meaning of the word "upon" is restricted to "on top of," as when the weight of a person's body is resting upon or supported by the vehicle. As stated in *Wolfe v. American Casualty Co. of Reading, Pa.,* 2 Ill. App. (2d) 124, 118 N. E. (2d) 777, "it cannot mean that the insured, to be within the meaning of the clause, had to be couched on the roof of the car or on the running board or sitting on the hood. It must connote some physical relationship between himself and the car that enlarged the area defined by the words 'entering or alighting' and the word 'in'."

One of the common and ordinary meanings of the word "upon" is that of "contact with." Webster's Third New International Dictionary. Since the policy contains no restrictions as to how or in what manner the insured was to be upon the vehicle we think it reasonable to conclude that the parties contemplated a construction of the word that would include actual physical contact with the vehicle the insured was using. The insured was in actual physical contact with the vehicle and was *upon* it within the meaning of the policy provision when his back was against it while attempting to protect himself from the oncoming tractor.

In the trial below both parties made motions for a directed verdict at the conclusion of all of the testimony. The motion of defendant was granted and that of plaintiff denied. Under the undisputed facts, the lower court should have granted the motion of the plaintiff for judgment in her favor.

The judgment of the lower court is accordingly reversed and the cause remanded for the entry of judgment in favor of the plaintiff.

BUSSEY and BRAILSFORD, JJ., LIONEL K. LEGGE and G. BADGER BAKER, Acting Associate Justices, concur.