19041

The POTOMAC INSURANCE COMPANY, Appellant, v. ALLSTATE INSURANCE COMPANY, Respondent

(173 S. E. (2d) 653)

*Messrs. Bridges & Whisenhunt,* of Florence, *for Appellant,*

*Messrs. Haynesworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

April 13, 1970.

BUSSEY, Justice.

This is a controversy between two liability insurance carriers as to who shall bear the ultimate financial burden of the settlement of certain claims, which settlement was arranged and contributed to equally by both insurers, under an agreement whereby each reserved the right to litigate the issue of where the ultimate financial burden lay. The appellant, The Potomac Insurance Company, instituted this action

to recover its contribution in the sum of $4,800.00 from the respondent, Allstate Insurance Company, and Allstate counterclaimed for a like sum contributed by it. Judgment below was awarded Allstate on its counterclaim and Potomac appealed.

The facts are not in dispute and the case was tried without a jury. Potomac issued a garage liability policy insuring Williams Chevrolet Company of Florence, South Carolina. This policy covered vehicles owned, used or maintained by Williams subject, however, to what Potomac designates a "limited coverage endorsement". In the course of its business, Williams undertook to repair an automobile belonging to one S. M. White. While White's vehicle was being repaired Williams turned over to him a Corvair, owned by Williams and insured by Potomac, for White's unrestricted use. White had in effect an automobile liability policy with Allstate which provided that its coverage with respect to a non-owned automobile would be excess coverage in the event there was other valid and collectible insurance on the non-owned car.

While using Williams' vehicle covered by Potomac's policy, White was involved in a serious accident following which both insurers effected a settlement of the resulting claims as above set forth.

It is conceded by Potomac that its policy covered White while using the Williams' vehicle with the consent of Williams, but for the exclusionary endorsement which limits the omnibus coverage, and purportedly affords coverage to White only under and in accordance with the following paragraph of the endorsement:

"(b) any other person, but only if no other valid and collectible automobile liability insurance either primary or excess, with limits of liability at least equal to the minmium limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; provided that with respect to Coverage C, such person shall be deemed to be a person for

whom insurance is afforded, whether or not there is any other valid and collectible automobile liability insurance."

The lower court held that the quoted provision was in direct violation of the statutory law of this state and that the attemped exclusion, or limitation, of coverage was, therefore, void. If we conclude that such holding was correct, it will become uncessary to consider any other question.

The exclusionary endorsement of Potomac cannot be sustained as valid, we think, in view of the provisions of the South Carolina Financial Responsibility Act. For the purpose of the Act, Sec. 46-750.31(2) defines an insured, the pertinent portion of said section reading as follows:

"The term 'insured' means the named insured * * * and any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies * * *."

Section 46-750.32 of the Code is as follows:

"Bodily injury and property damage limits required.—No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle, as follows: ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and five thous-

and dollars because of injury to or destruction of property of others in any one accident."

In the fairly recent case of *Pacific Ins. Co. of New York v. Fireman's Fund Ins. Co.,* 247 S. C. 282, 147 S. E. (2d) 273 (1966), we held that the provisions of the foregoing sections must be considered as though they were written in the particular policy involved. We there said,

"As the statute now reads, Section 46-750.31 expressly provides who shall be an insured in all liability policies mentioned and described in Section 46-750.32 of the Code. The language of the two Code Sections is, we think, quite clear and they, accordingly, need no construction."

Admittedly, White's use of the Williams' car was unrestricted and with the full consent and permission of Williams. Under the facts of this case, White, by virtue of the statutory law, was fully covered by Potomac's policy up to the statutory limits, despite the exclusionary endorsement inserted in Potomac's policy. Whether the endorsement constituted an attempt to redefine the term "insured" in contravention of the statute, or on the other hand, sought to afford White only conditional or contingent coverage, as opposed to the full and effective coverage required by the statutory law, makes little difference as in either event the endorsement is invalid because not in accord with the statutory law.

Appellant relies on the North Carolina case of *Allstate Ins. Co. v. Shelby Mut. Ins. Co.,* 269 N. C. 341, 152 S. E. (2d) 436 (1967), wherein an endorsement to the same effect as Potomac's endorsement was held not to be in contravention of the North Carolina Financial Responsibility Law. It is not altogether clear from that opinion whether or not the North Carolina Act is, or is not, identical with our Act, in all pertinent particulars, but, in any event, we are not persuaded to a contrary result by that decision.

The Virginia cases of *American Motorists Ins. Co. v. Kaplan,* 209 Va. 53, 161 S. E. (2d) 675 (1968) and *Hardware Mut. Cas. Co. v. Celina Mut. Ins. Co.,* 209 Va. 60, 161

S. E. (2d) 680 (1968), in dealing with exclusionary end-dorsements identical with that of Potomac, reached the same result which we reach. Cf. the Arizona cases of *Dairyland Mut. Ins. Co. v. Anderson et al.,* 102 Ariz. 515, 433 P. (2d) 963 (1967), and *Universal Underwriters Ins. Co. v. Dairyland Mut. Ins. Co.,* 102 Ariz. 518, 433 P. (2d) 966 (1967).

We conclude that there was no error and the judgment below is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.