**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Donegal Insurance, Appellant,

v.

Charles H. Wade, Respondent.

Appellate Case No. 2023-000549

———

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-100
Submitted March 1, 2025 – Filed March 26, 2025

———

**REVERSED**

———

James Donald Floyd, of Gibbs Law Firm LLC, and Karl Stephen Brehmer, of Brehmer Law Firm, LLC, both of Columbia, for Appellant.

Thomas Erskine Hite, III, of Hite and Stone, of Abbeville; and Scarlet Bell Moore, of Greenville, both for Respondent.

———

**PER CURIAM:** Donegal Insurance (Donegal) appeals a trial court order that (1) found it failed to produce a meaningful offer of underinsured motorist (UIM) coverage and (2) reformed Charles H. Wade's insurance policy to apply UIM

coverage. On appeal, Donegal argues the trial court erred in finding (1) Wade's automobile insurance policy should be reformed to apply retroactive UIM coverage because the case is identical to *United Services Auto Ass'n v. Litchfield*[1] and (2) Donegal had not produced a meaningful offer of UIM coverage because it was not required to pursuant to section 38-77-350(C) of the South Carolina Code (2015). We reverse pursuant to Rule 220(b), SCACR.

1. We hold the trial court erred when it found Wade's automobile insurance policy should be reformed to retroactively apply UIM coverage because Donegal issued a policy with UIM coverage to Wade, which Wade later decreased and ultimately eliminated. *See Goldston v. State Farm Mut. Auto. Ins. Co.*, 358 S.C. 157, 166, 594 S.E.2d 511, 516 (Ct. App. 2004) ("Because declaratory judgment actions are neither legal nor equitable, the standard of review depends on the nature of the underlying issues."); *id.* ("When the purpose of the underlying dispute is to determine if coverage exists under an insurance policy, the action is one at law."); *S.C. Farm Bureau Mut. Ins. Co. v. Kennedy*, 398 S.C. 604, 610, 730 S.E.2d 862, 864 (2012) ("[A]n appellate court may make its own determination on questions of law and need not defer to the trial court's rulings in this regard."). Wade's automobile insurance policy with Donegal, which included UIM coverage, began on August 5, 2016. On August 1, 2017, Wade's UIM coverage decreased. On August 8, 2017, Wade's UIM coverage was completely removed from his policy after he sent an email to an employee of Donegal's agent informing her he "want[ed] to completely reject the" UIM coverage. In November 2017, Wade was injured in a car crash and brought a claim against Donegal to obtain UIM coverage. Donegal subsequently brought a declaratory judgment action against Wade. We hold *Litchfield* controls and Wade's policy should not have been reformed. *See Litchfield*, 356 S.C. at 584-85, 590 S.E.2d at 48-49 (affirming a grant of summary judgment which found "the sole reason [appellant's] policy did not contain UIM coverage at the time of the accident was because she had voluntarily elected to drop it"). Like the appellant in *Litchfield*, Wade elected to remove UIM coverage after he had it for a period of time. We reject Wade's arguments that *Litchfield* is not controlling because Wade (1) challenged the voluntariness of his decision to drop UIM coverage, unlike the appellant in *Litchfield* and (2) did not contact Donegal's agent with the intent to drop UIM coverage. These arguments are not meaningful distinctions from *Litchfield*. In *Litchfield*, this court observed the respondent was not required to provide a meaningful offer of coverage to the appellant because the appellant changed her policy. *See id.* at 584, 590 S.E.2d at 49 ("Because [appellant] once had UIM coverage and later changed the policy by

_____

[1] 356 S.C. 582, 590 S.E.2d 47 (Ct. App. 2003).

dropping the UIM coverage from her policy, [respondent] was under no obligation to make another offer of UIM coverage."); § 38-77-350(C) ("An automobile insurer is not required to make a new offer of coverage on any automobile insurance policy which renews, extends, changes, supersedes, or replaces an existing policy."). Similarly, Donegal was not required to make an additional meaningful offer to Wade because he had changed a preexisting policy, and his policy should not have been reformed. *See Butler v. Unisun Ins. Co.*, 323 S.C. 402, 405, 475 S.E.2d 758, 760 (1996) ("If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured."). Thus, we reverse.

2. Because we hold the trial court erred when it found Wade's automobile insurance policy should be reformed, we need not consider whether Donegal provided a meaningful offer of UIM coverage. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED.**[2]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.